# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
|     Plaintiff : | |
| : | **No. 1:18-cv-00586** |
| v. : | |
| : | **(Judge Kane)** |
| **NEIL P. SUNDAY,** : | |
|     Defendant : | |

## MEMORANDUM

Before the Court is Plaintiff the United States of America ("Plaintiff")'s motion for default judgment against Defendant Neil P. Sunday ("Defendant"). (Doc. No. 12.) Given that Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff and against Defendant.

## I.  BACKGROUND

On March 13, 2018, Plaintiff initiated the instant action by filing a complaint against Defendant to recover on outstanding student loan debt. (Doc. No. 1.)  The complaint alleges that Defendant executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan in December of 1995. (Doc. No. 1-2.)  The loan, which was disbursed on February 7, 1996, was guaranteed by the Pennsylvania Higher Education Assistance Agency and reinsured by Plaintiff, acting through the Department of Education. (Id.)  Defendant defaulted on the loan in March of 2005, and the holder filed a claim on the loan guarantee. (Id.)  The guarantor paid a claim in the amount of $30,911.34 to the holder, and the Department of Education reimbursed the guarantor for that amount pursuant to the reinsurance agreement. (Id.)  After the guarantor failed to collect the full amount due from Defendant, it assigned its right and title to the loan to the Department of Education. (Id.)  Since the assignment of the loan,

Defendant has not made any payment on the amount due to Plaintiff. (Id.) By Plaintiff's calculation, the amounts owed on the promissory note as of the date of the complaint were $30,899.92 in principal and interest on the unpaid principal at a rate of 9.00% per annum through March 12, 2018 in the amount of $34,990.47. (Doc. No. 1 at 1.) The sum of those figures, plus interest on the unpaid principal from March 13, 2018 through the date of the entry of default in the amount of $502.92, brings the total amount owed to $66,393.31. (Doc. No. 12 at 2.)

A review of the docket reveals that Defendant was served on April 24, 2018, establishing a deadline for Defendant to file an answer to the complaint by May 15, 2018. (Doc. No. 4.) As of the date of this Memorandum, Defendant has not appeared, answered, moved, or otherwise responded to Plaintiff's complaint. On May 18, 2018, Plaintiff filed a request with the Clerk to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) (Doc. No. 5), and the Clerk entered default against Defendant on that date (Doc. No. 6). Plaintiff filed the instant motion for default judgment (Doc. No. 12) and a brief in support thereof (Doc. No. 13) on February 5, 2019, along with an affidavit of non-military service (Doc. No. 14). Because Defendant has not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, the motion is ripe for disposition.

## II.  LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry

of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See Wright, et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must

3

accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion, supporting brief, exhibits, and accompanying affidavits, the Court finds that the entry of default judgment against Defendant and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action to recover on a promissory note for student loans, as Plaintiff has alleged that "(1) the defendant signed [a promissory note for student loans], (2) the government is the present owner or holder, and (3) the note is in default." See United States v. Considine, No. 06-cv-6118, 2008 WL 4723030, at *2 (D.N.J. Oct. 24, 2008) (internal quotation marks omitted) (quoting United States v. Hargrove, No. 06-cv-1059, 2007 WL 2811832, at *2 (E.D. Pa. Sept. 24, 2007)). In addition, Plaintiff has offered support for its claim of a sum certain of $66,393.31 in the affidavit, certificate of indebtedness, and other relevant documents accompanying its complaint and motion for default judgment. (Doc. Nos. 1-2, 12).

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendant. First, Plaintiff will be prejudiced if the Court declines to enter default judgment because Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendants. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [the] [d]efendants' failure to defend."). Second, Defendant has not asserted a meritorious

4

defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for his failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff and, therefore, will grant Plaintiff's motion for default judgment.

**IV.   CONCLUSION**

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment. (Doc. No. 12.) An appropriate Order follows.